IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JONATHAN LARON FRIEND EL,    )
                             )
             Petitioner,     )
                             )
     v.                      )      1:15CV182
                             )
WILLIAM T. SHATZMAN, et al., )
                             )
             Respondent.     )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a pretrial detainee facing charges in Davidson County, North Carolina, submitted a petition under 28 U.S.C. § 2241 for writ of habeas corpus by a person in state custody, together with an application to proceed *in forma pauperis*. Rule 4 of the Rules Governing Section 2254 Proceedings,[1] states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Pertinent to this case, a writ of habeas corpus may issue if Petitioner demonstrates that he is in state custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3).

Petitioner sets out two potential claims for relief, one of which alleges that the State's charging documents contain fatal defects and the other of which alleges that the officer who

---

[1] These rules also apply to petitions bought under 28 U.S.C. § 2241. See Rule 1(b) of the Rules Governing Section 2254 Proceedings.

arrested him works for a private corporation. Petitioner believes that these alleged facts render his arrest and subsequent prosecution invalid. He seeks to have this Court quash the state charges against him.

The Petition seeks federal intervention in ongoing state court criminal proceedings, which offends the principles of state-federal comity and is only undertaken in extreme circumstances. Younger v. Harris, 401 U.S. 37 (1971). This Court should abstain where a prior ongoing state proceeding implicates an important state interest and the plaintiff will have an adequate opportunity to raise any federal claims in the state proceedings. Id. To avoid abstention, a plaintiff must demonstrate the absence of an adequate remedy in the state courts and the existence of irreparable injury without equitable relief. Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423 (1982). Intervention is possible based on bad faith, harassment or extraordinary circumstances. Gilliam v. Foster, 75 F.3d 881, 904-05 (4th Cir. 1996). However, absent a possible double jeopardy violation, the cost and anxiety of defending against a criminal prosecution is not sufficient to support intervention based on irreparable injury. Id. Petitioner makes no allegations sufficient to justify intervention by the Court in the present case. If problems with his arrest or indictment call the state prosecution into question, Petitioner can raise that during his defense against the charges in the state courts and, if necessary, pursue the claims on appeal there. However, Petitioner states no claim for relief under § 2241 and his entire Petition should be denied.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that the Clerk, at the point a judgment is entered, notify Petitioner of the filing, dismissal, and entry of judgment.

IT IS RECOMMENDED that Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 be denied and that judgment be entered dismissing the action.

This, the 3rd day of March, 2015.

                                            /s/ L. Patrick Auld
                                              **L. Patrick Auld**
                                  **United States Magistrate Judge**